IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MD IBRAHIM KHALIL, §<br>    #221087867, §<br>        Petitioner, §<br> §<br>v. §<br> §<br>US IMMIGRATION AND CUSTOMS §<br>ENFORCEMENT, §<br>        Respondent. § | | No. 3:25-CV-512-L-BW<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Based on the relevant filings and applicable law, the Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

### I. BACKGROUND

On February 28, 2025, the Court received correspondence from Md Ibrahim Khalil, an alien detainee at the Prairieland Detention Center in Alvarado, Texas. (*See* Dkt. No. 3.) The correspondence was directed to United States Immigration and Customs Enforcement ("ICE"), but because it was sent to this Court, it was opened as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* Dkt. No. 4 at 1.)

On March 4, 2025, the Court entered a Notice of Deficiency and Order informing Khalil that if he was challenging his immigration detention, he had not

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

filed his action on the appropriate form and either paid the $5.00 filing fee for § 2241 petitions or submitted an application to proceed in forma pauperis ("IFP") with the required certificate of inmate trust account ("CTA") or comparable form. (*See id.*) The order required Khalil to complete and return, within 30 days, a form habeas petition under § 2241 and to pay the full filing fee or file an IFP application with a CTA. (*See id.*) If Khalil did not intend to file a § 2241 petition in federal court, the order stated that he could file a voluntary dismissal under Federal Rule of Civil Procedure 41(a) within 30 days. (*See id.*) With the order, the Court provided the appropriate forms for filing a § 2241 habeas action and an IFP application with a CTA. (*See* Dkt. Nos. 4-1, 4-2.) The order further warned Khalil that failure to comply could result in a recommendation that his case be dismissed under Federal Rule of Civil Procedure 41(b). (*See* Dkt. No. 4 at 2.)

It has now been approximately eight weeks since the Court's deadline expired, and Khalil still has not filed his pleading on the appropriate form, paid the filing fee, filed an IFP application, or taken any other action manifesting an intent to proceed in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases,

and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Khalil has failed to comply with the Court's March 4 order to file a proper pleading on the appropriate form and to either pay the filing fee or file an IFP application with a CTA, despite a warning that failure to do so could result in the dismissal of his case. By not complying with the Court's March 4 order or otherwise showing he intends to proceed with this case, Khalil prevents this action from proceeding and has failed to prosecute his lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

### III.  RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on May 28, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).